UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2012 DEC 27 PM 12: 56
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Shalina Ali,

    Plaintiffs,

-against-

The City of New York and Philip McManus, in his individual capacity,

    Defendants.

ECF CASE

COMPLAINT AND DEMAND FOR JURY TRIAL

CV 12- 6376

DEARIE, J.

ORENSTEIN, M.J.

### PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

### JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a), and 1367(a).

### VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that, *inter alia*, the events giving rise to this claim took place in the Eastern District of New York.

### JURY DEMAND

5. The Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## PARTIES

6. Plaintiff SHALINA ALI is a resident of New York City.

7. Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. Defendant PHILIP MCMANUS ("Officer McManus") is a police officer employed by the NYPD who was at all relevant times herein acting in his capacity as an agent, servant, and employee of the City.

10. Philip McManus is sued in his individual capacity.

11. At all times relevant herein, Philip McManus was acting under color of state law in the course and scope of his duties and function as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. Philip McManus was acting for and on behalf of the City at all times relevant herein with the power and authority vested in him as an officers, agent and employee of the City and incidental to the lawful pursuit of his duties as an officer, employee and agent of the

City.

## STATEMENT OF FACTS

12. Shortly after midnight on December 29, 2011, plaintiff Shalina Ali went with an acquaintance, Nadira Persaud, to the Tick Tavern in South Ozone Park, Queens.

13. At some point after Ms. Ali arrived, a fight broke out in the bar.

14. During the fight, Ms. Persaud hit her ex-boyfriend, a police officer who was off duty at the time, with a bottle. The bottle shattered and, apparently as a result thereof, a woman at the bar got glass in her eye.

15. Employees of the Tick Tavern began escorting the patrons out of the bar.

16. Once outside, Ms. Ali retrieved Ms. Persaud's car, which she pulled up in front of the Tick Tavern.

17. A patron of the Tick Tavern had apparently called 911 and the police and emergency medical technicians arrived in due course.

18. The woman who got the glass in her eye was taken into an ambulance.

19. Another person pointed at Ms. Persaud and told the police that she, Ms. Persaud, hit someone with a bottle.

20. Ms. Persaud denied the accusation, and the police asked a bouncer and possibly other employees of the Tick Tavern what happened. The bouncer stated that Ms. Persaud hit someone with bottle and indicated that the event would have be recorded on surveillance video. The officers went inside the Tick Tavern to watch the video. Included in the group of officers who entered the bar to watch the video was Officer McManus.

21. After approximately 10 to 15 minutes inside the Tick Tavern, Officer McManus came

out and arrested Ms. Ali.

22. It would have been clear from the surveillance video, that Ms. Ali did not assault any one inside of the Tick Tavern but rather that Ms. Persaud did.

23. Ms. Persaud and Ms. Ali do not look at all alike and were not dressed at all similarly.

24. Ms. Ali was taken by Officer McManus to the NYPD's 106 Precinct.

25. At the precinct, Ms. Ali told Officer McManus that he had arrested the wrong person, which he could see on the video. Officer McManus responded, in substance that, he was "doing this for a fellow police officer" and started laughing.

26. Ms. Ali was eventually brought to Central Booking, and after approximately 24 hours in police custody she was arraigned and released on her own recognizance.

27. The complaint charged Ms. Ali with assaulting and harassing Ms. Persaud's ex-boyfriend as well as the woman who got glass in her eye.

28. In the complaint, Officer McManus states that "he observed video surveillance of the above mentioned actions, and that it showed the defendant, Shalina Ali, striking the complainant [] in the head with said beer bottle."

29. Ms. Persaud's ex-boyfriend did not tell Officer McManus that Ms. Ali it him.

30. The woman who got glass in her eye did not tell Officer McManus that Ms. Ali caused her injury.

31. Prior to Ms. Ali's first post-arraignment court date, a prosecutor in the Queens County District Attorney's officer viewed the video surveillance of the incident.

32. On January 4, 2012, shortly after the video was viewed, all the charges against Ms. Ali were dismissed.

-4-

## NOTICE OF CLAIM

33. On March 27, 2012, within 90 days from the dates the claims alleged in this Complaint arose, the plaintiff served a Notice of Claim on the City.

34. At least 30 days have elapsed since the service of that Notice of Claim and adjustment or payment thereof has been neglected or refused.

35. The instant lawsuit is instituted within one year and 90 days after the date the claims alleged in this Complaint arose.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against NYPD Police Officer Philip McManus

36. All other paragraphs herein are incorporated by reference as though fully set forth.

37. In stopping, seizing, arresting, detaining and charging Plaintiff, Philip McManus engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures and false arrest and imprisonment.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

38. All other paragraphs herein are incorporated by reference as though fully set forth.

39. Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

40. At all times material to this complaint, the defendant City, acting through the NYPD and Philip McManus, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

41. At all times material to this complaint, the defendant City, acting through the NYPD and Philip McManus, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform Philip McManus's supervisors of their need to train, screen, supervise or discipline said defendant. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest

42. All other paragraphs herein are incorporated by reference as though fully set forth.

43. By the actions described above, Philip McManus violated the Plaintiff's rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

44. Municipal liability for these torts rest upon principles of *respondeat superior*.

WHEREFORE, the plaintiffs request that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiffs against the defendants, jointly and severally;

3. Award plaintiffs reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated: New York, New York
December 19, 2012

                          Respectfully submitted,

Darius Wadia, L.L.C.
By: Darius Wadia, Bar number DW8679
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com
(212) 233-1212/1216