UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

Shalina Ali,

                                  Plaintiff,

           -against-

The City of New York and Philip McManus, in his individual capacity,

                                Defendants.

------------------------------------------------------------------------ X

**ANSWER TO THE COMPLAINT ON BEHALF OF PHILLIP MCMANUS**

12-CV-6376 (RJD)(JO)

Jury Trial Demanded

        Defendant, Phillip McManus, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5.      Paragraph "5" of the complaint sets forth a demand for a jury trial and therefore, no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a Police Department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the defendant City and its Police Department.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York employed Philip McManus as a police officer on December 29, 2011, and state that the allegation that Philip McManus was "acting in the capacity as an agent, servant, and employee of the City" is a conclusion of law and not an averment of fact, and therefore, no response is required.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff purports to sue Philip McManus as stated therein.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admit that Philip McManus was employed by the City of New York as a police officer on December 29, 2011, and state that the allegations that Philip McManus "was acting under color of state law in the course and scope of his duties and function as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties." and that, "Philip McManus was acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as an officer, agent and employee of the City of New York and incidental to the lawful

- 3 -

pursuit of his duties as an officer, employee and agent of the City," are conclusions of law and not averments of fact, and therefore, no response is required.

   12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admits that the incident at issue took place in the early morning hours of December 29, 2011.

   13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

   14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

   15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

   16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

   17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that 911 was called and that police officers arrived at the scene.

   18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

   19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

   20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admits that the plaintiff was arrested on December 29, 2011.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admits that plaintiff was transported to the 106th precinct.

25. Denies the allegations set forth in paragraph "25" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff purportedly told Officer Philip McManus.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, except admits that the plaintiff was transported to Central Booking and arraigned.

27. Denies the allegations set forth in paragraph "27" of the complaint, and respectfully refers the Court to the Criminal Court Complaint referenced therein for its contents.

28. Denies the allegations set forth in paragraph "28" of the complaint, and respectfully refers the Court to the Criminal Court Complaint referenced therein for its contents.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint, except admit that the charges against the plaintiff were dismissed.

33. Denies the allegations set forth in paragraph "33" of the complaint, except admits that a document purporting to be a Notice of Claim was filed with the City of New York on or about March 27, 2012.

34. Denies the allegations set forth in paragraph "34" of the complaint, except admits that no payment has been made.

35. Denies the allegations set forth in paragraph "35" of the complaint, except admits that the complaint was filed on the date reflected in the Court's docket.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges its response set forth in the preceding paragraphs "1" through "35", inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37"of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges its response set forth in the preceding paragraphs "1" through 37", inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges its response set forth in the preceding paragraphs "1" through "41", inclusive of this answer, as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

45. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act by defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

47. There was probable cause for plaintiff's search, arrest and detention.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

48. Defendant acted within the lawful and proper exercise of his discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

49. No punitive damages can be assessed against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

50. To the extent any force was used, it was reasonable, necessary, and justified.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

51. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

52. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

53. To the extent that plaintiff asserts any claims arising under state law, plaintiff may have failed to comply with New York General Municipal Law §§ 50-e and 50-i.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

54. Plaintiff's state law claims may be barred by the applicable limitations period.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

55. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**WHEREFORE,** Defendant, Phillip McManus, requests judgment dismissing the complaint as against him in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and prosper.

Dated:     New York, New York
           April  15, 2013

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendants City of New York and*
                                        *Phillip McManus*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 442-2380

                                        By:    /s/
                                               Deborah L. Mbabazi
                                               Special Assistant Corporation Counsel

Case 1:12-cv-06376-RJD-JO   Document 12   Filed 04/15/13   Page 8 of 9 PageID #: 49

- 8 -

To:    <u>VIA ECF</u>
Darius Wadia, Esq.
Darius Wadia, LLC
233 Broadway, Suite 2208
New York, NY  10279

Docket No. 12-CV-6376 (RJD)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Shalina Ali,

                                 Plaintiff,

                     -against-

The City of New York and Philip McManus, in his his individual capacity,

                                 Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF THE PHILLIP MCMANUS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Phillip McManus*
*100 Church Street*
*New York, N.Y. 10007*

*by: Deborah L. Mbabazi*

*Special Assistant Corporation Counsel*

*Tel: (212) 442-2380*

*Due and timely service is hereby admitsted.*

*New York, N.Y. .................................................... , 2011*

*................................................................................ Esq.*

*Attorney for.....................................................................*

- 9 -